John P. Bovich (SBN 150688)
Email: jbovich@reedsmith.com
William Ross Overend (SBN 180209)
Email: woverend@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936
Telephone:  415.543.8700
Facsimile:  415.391.8269

Robins, Kaplan, Miller & Ciresi L.L.P.
William H. Manning, *pro hac vice*
Brad P. Engdahl, *pro hac vice*
Eric S. Jackson, *pro hac vice*
Jacob S. Zimmerman, *pro hac vice*
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone:   612.349.8500
Facsimile:    512.339.4181

Attorneys for Plaintiff And Counterclaim Defendant
Intergraph Hardware Technologies Company

John F. Feldhaus pro hac vice
Russell J. Barron pro hac vice
Stephen M. Lobbin (SBN 181195)
FOLEY & LARDNER LLP
1530 Page Mill Road
Palo Alto, CA 94304-1125
Telephone:  650.856.3700
Facsimile:   650.856.3710
E-mail:   jfeldhaus@foley.com
              rbarron@foley.com
              slobbin@foley.com

Attorneys for Defendants/Counterclaimants
Toshiba Corporation and Toshiba America
Information Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TOSHIBA CORPORATION, a Japanese corporation, et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | No.: C 06-04018 MHP<br><br>**STIPULATED ~~[PROPOSED]~~ PROTECTIVE ORDER** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROTECTIVE ORDER**

The Court finds that this action may involve trade secrets and other valuable research, development, commercial, financial, and technical proprietary information that is regarded by the parties and Intel as confidential.  To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties and Intel are entitled to keep confidential, to ensure that only materials the parties and Intel are entitled to keep confidential are subject to such treatment, and to ensure that the parties and Intel are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.    <u>Definitions</u>

a.    "<u>Affiliates</u>":  with regard to a Party, any Person (excluding individuals) formerly, now, or hereafter controlled by, controlling or under common control with such Party; where "control" means the direct or indirect ownership or control (whether through contract or otherwise) of more than 50% of the stock or shares entitled to vote for the election of directors in the case of corporate entities, and in the case of non-corporate entities, more than 50% of the equity interest with the power to direct management policies.

b.    "<u>Designating Party</u>":  a Person that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED."

c.    "<u>include</u>," "<u>including</u>," "<u>including</u>" and other variants thereof shall be deemed followed by the phrase "without limitation."

d.    "<u>Individual Notice</u>":  with respect to an individual, the curriculum vitae of such individual along with the following information: (i) business address; (ii) business title; (iii) business or profession; (iv) any previous or current relationship (personal or professional) with any of the Parties; and (v) a listing of other cases in which the individual has testified (at trial or deposition), and all companies for which the individual has consulted or been employed by within the past four years.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

e.      "In-House Litigation Counsel":  attorneys employed by a Receiving Party in the capacity of a litigation attorney whose primary responsibility is to manage, supervise or oversee litigation as part of his or her responsibilities for such Party and who does not engage in competitive decision-making (and their support staff such as paralegals, administrative assistants and secretaries), and who shall not from the date of entry of this Protective Order through a period of one (1) year following the conclusion of this action, whichever occurs later, be engaged in: (a) the review, advice on or approval of pricing, sales or marketing programs, (b) the review, advice on or approval of any aspect of product design or manufacture, (c) the review or negotiation of any contract with a Producing Party, or (d) the licensing of software, hardware, technology, or patent(s) related to the Technological Field (with the exception that the foregoing (d) shall not apply to the extent a litigation attorney is involved in the settlement of litigation).  In the case of Toshiba, an individual employed by the Intellectual Property Department of Toshiba who is not a licensed attorney in the United States but who otherwise meets the requirements of the foregoing sentence shall be deemed an In-House Litigation Counsel for the purposes of this Protective Order, subject to the restrictions in Section 9(g) regarding transmitting and transporting Protected Material outside the United States.

f.      "Intel Protected Materials":  Material produced by Intel, including trade secrets and other valuable research, development, commercial, financial, and technical proprietary information that is regarded by Intel as confidential, including Material which may or may not have been produced in the Prior Litigation and/or may or may not be designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED".

g.      "Involved In Patent Prosecution:"  participation in drafting, reviewing or approving any language that appears in any patent or industrial design application or a patent or industrial design in re-examination, re-issue or other proceedings, or preparation of replies to Office Actions, submitted to the United States Patent and Trademark Office or any foreign agency responsible for issuing patents.

h.      "Material":  all information, documents and things produced, served or otherwise provided in this action by the Parties.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

i.      "Outside Consultant":  an individual with specialized knowledge or experience in a matter pertinent to this action who has been retained by a Party or Outside Counsel to serve as an expert witness or as a consultant in this action and who is not a current or anticipated employee of a Party, or of a competitor of any other Party, or a consultant involved in product and/or process development for a competitor of any other Party.

j.      "Outside Counsel":  Robins, Kaplan, Miller & Ciresi and Reed Smith LLP for Intergraph, Foley & Lardner for Toshiba, and in particular such attorneys of such counsel to whom it is reasonably necessary to disclose any particular Protected Material for the Toshiba Matter, including support staff employed by the attorneys, such as paralegals, legal translators, legal secretaries, and legal clerks.

k.      "Parties":  the parties to this Protective Order, consisting of (a) the parties to this action (namely, Intergraph Hardware Technologies Co. ("Intergraph"); Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Medical Systems, Inc., Toshiba America Business Solutions, Inc., Toshiba TEC America Retail Information Systems, Inc. (the foregoing collectively, "Toshiba") on behalf of themselves and their Representatives as authorized hereunder, and (b) Intel Corporation ("Intel").

l.      "Person":  an individual, trust, corporation, partnership, joint venture, limited liability company, association, unincorporated organization or other legal or governmental entity.

m.      "Prior Litigation":  lawsuits brought by Intergraph against (i) Intel in *Intergraph Hardware Technologies, Co. v. Intel Corp.*, Civil Action No. 97-CV-3023 (N.D. Ala.) ("Alabama Litigation"); (ii) Intel in *Intergraph Corporation v. Intel Corporation*, Civil Action No. 2:01CV160 (E.D. Tex.) ("Texas Litigation"); and (iii) Intel-affiliated parties in *Intergraph Hardware Technologies, Co. v. Dell, Inc., et al.*, Civil Action No. 2-02CV-312 (E.D. Tex., Marshall Division) ("Dell Litigation").

n.      "Producing Party":  a Person that produces Material in this action.

o.      "Professional Vendors":  Persons that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors,

1  including (1) any professional jury or trial consultant retained in connection with this action and

2  mock jurors retained by such a consultant to assist them in their work and (2) independent legal

3  translators and independent shorthand reporters retained to translate or record and transcribe

4  testimony in connection with this action; provided, however, that this definition does not include

5  individuals who fall within the definition of Outside Counsel or Outside Consultant.

6          p.     "Protected Material": (i) Intel Protected Material and (ii) other Material that

7  is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL

8  RESTRICTED," defined as follows:

9          i.     "CONFIDENTIAL"  Protected Material:  Material the Designating

10  Party believes in good faith is not generally known to others, and which the Designating Party (i)

11  would not normally reveal to third parties except in confidence or has undertaken with others to

12  maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal

13  or state law or any other applicable privilege or right related to confidentiality or privacy.

14  "CONFIDENTIAL" Protected Material includes all Intel Protected Material designated as

15  "CONFIDENTIAL" in the Texas Litigation and the Dell Litigation.  Protected Material may be

16  designated as CONFIDENTIAL for purposes of this Protective Order if the Producing Party in good

17  faith considers it to constitute or to contain trade secrets or other confidential research, development,

18  or commercial information.  CONFIDENTIAL Protected Material shall include all information,

19  documents, and things referring or relating to the foregoing, including but not limited to copies,

20  summaries, notes, memoranda, and abstracts of the foregoing, which shall be designated as such by

21  the Party creating such information, documents or things.

22          ii.     "ATTORNEYS' EYES ONLY" Protected Material:  Material the

23  Designating Party believes in good faith is not generally known to others and has significant

24  competitive value such that unrestricted disclosure to others would create a substantial risk of serious

25  injury, and which the Designating Party (1) would not normally reveal to third parties except in

26  confidence or has undertaken with others to maintain in confidence, or (2) believes in good faith is

27  significantly sensitive and protected by a right to privacy under federal or state law or any other

28  applicable privilege or right related to confidentiality or privacy.  "ATTORNEYS' EYES ONLY"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Protected Material includes all Intel Protected Materials designated as "CONFIDENTIAL" in the

2  Alabama Litigation or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS'

3  EYES ONLY" in the Dell Litigation.  This designation is reserved for Protected Material that

4  constitutes proprietary financial, technical or commercially sensitive competitive information that

5  the Producing Party maintains as highly confidential in its business, including information obtained

6  from some other Person pursuant to a current Nondisclosure Agreement ("NDA"), information

7  relating to future products, strategic plans, MAS, RTL, non-public financial data, documents that

8  would reveal trade secrets, licensing documents and licensing communications, and settlement

9  agreements or settlement communications, the disclosure of which is likely to cause harm to the

10  competitive position of the Producing Party.  Any document designated as "ATTORNEYS' EYES

11  ONLY" Protected Material is automatically designated as subject to the PROSECUTION BAR in

12  Section 9(e).  ATTORNEYS' EYES ONLY Protected Material shall include all information,

13  documents, and things referring or relating to the foregoing, including but not limited to copies,

14  summaries, notes, memoranda, and abstracts of the foregoing, which shall be designated as such by

15  the Party creating such information, documents or things.

16             iii.     "<u>OUTSIDE COUNSEL RESTRICTED</u>" Protected Material.

17  Protected Material meeting the requirements for ATTORNEYS EYES ONLY Protected Material, as

18  set forth in subsection (ii) above, which the Producing Party reasonably believes contains such

19  highly sensitive information that its disclosure to any employees of a Receiving Party, including In-

20  House Litigation Counsel, would present a substantial risk of harm to the competitive position of the

21  Producing Party.  "OUTSIDE COUNSEL RESTRICTED" Protected Material includes all Intel

22  Protected Material designated as "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL EYES

23  ONLY" in the Dell Litigation.

24          q.     "<u>Public Domain</u>" as used with regard to information means information that:

25             i.     is in the public domain at the time it is produced; or

26             ii.     becomes part of the public domain as a result of publication not

27  involving a violation of this Protective Order or any other court order or law; or

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    iii.    a Receiving Party can show was in its rightful and lawful possession

2  without restriction as to disclosure, at the time it was produced (other than any Protected Materials

3  previously provided to any Receiving Party under any non-disclosure or similar agreement or

4  protective order); or

5    iv.    a Receiving Party lawfully received from a Third Party without

6  restriction as to disclosure, provided such Third Party has the right to make the disclosure to such

7  Receiving Party.

8    r.    "Receiving Party":  Toshiba and/or Intergraph receiving any Material

9  hereunder.

10    s.    "Representatives":  officers, directors, employees, consultants, contractors,

11  retained experts, and outside counsel (and their support staff), including Outside Counsel,

12  Professional Vendors, and Outside Consultants.

13    t.    "Technological Field":  (a) with regard to In-House Litigation Counsel of

14  Toshiba, structure, operation and manufacture of microprocessors and microprocessor chipsets,

15  microprocessor and memory integrated circuits, memory controllers, peripheral controllers, cache

16  memory, or buses, and (b) with regard to all other Persons authorized to access Protected Material

17  hereunder, microprocessors, microprocessor chipsets, microprocessor and memory integrated

18  circuits, memory controllers, peripheral controllers, computer systems, cache memory, buses, or

19  other computer products.

20    2.    Procedure for Designating Materials

21    a.    Intel Protected Material

22  The Parties acknowledge that Intel may produce Intel Protected Material that was produced

23  pursuant to one or more protective orders in the Prior Litigation. To the extent any Intel Protected

24  Material bears one or more designations of confidentiality from the Prior Litigation, or if any Intel

25  Protected Material is provided twice with different designations, the Parties agree that the most

26  restrictive designation from the Prior Litigation shall apply and that Intel or any other Party shall not

27  be required to re-stamp or re-designate Intel Protected Material produced in Prior Litigation.  To the

28  extent that any Intel Protected Material has no designation, or some designation other than

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED, the

2   Receiving Parties agree (1) that Intel or any other Party shall not be required to re-stamp or re-

3   designate the Intel Protected Material, and (2) to treat such material as OUTSIDE COUNSEL

4   RESTRICTED and notify Intel thereof in writing.  Upon receipt of notice from another Party, Intel

5   will notify the Receiving Parties of the proper designation for such material within thirty (30) days.

6   Notwithstanding anything in this Protective Order to the contrary or any contrary designation

7   on any Intel Protected Material, all agreements granting licenses or other rights to intellectual

8   property or technology included in the Intel Protected Materials, other than such agreements entered

9   into between Intel and Intergraph, shall be deemed and treated by the Parties as OUTSIDE

10  COUNSEL RESTRICTED.  Intel shall not be required to re-stamp or re-designate such agreements.

11  Intergraph agrees not to challenge the designations by Intel of any Intel Protected Material,

12  and agrees that it does not have any right under Section 6 to challenge any designations of Intel.

13  Toshiba agrees not to challenge the reasonable designations by Intel of any Protected Material.

14  A Receiving Party reasonably believing any Intel Protected Material is in the Public Domain

15  may so notify Intel.  Intel shall respond to such notice within 20 business days, and may, if

16  appropriate, instruct the Receiving Parties that such Intel Protected Material is no longer subject to

17  the protections of this Protective Order.

18  b.   Documents and Other Tangible Materials

19  The designation of Material (including any Material produced by Intel in the litigation, other

20  than Intel Protected Material that is subject to the provisions set forth in Section 2(a) above) in the

21  form of documents, discovery responses, or other tangible materials, other than depositions or other

22  pre-trial testimony, shall be made by the Designating Party by conspicuously affixing the legend

23  "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED"

24  on each page containing Material to which the designation applies (or in the case of computer

25  medium on the medium and its label and/or cover).  To the extent practical, the legend shall be

26  placed near the Bates number identifying the Material.  If any Material has more than one

27  designation, the more restrictive or higher confidential designation applies.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

c.      Nontangible Materials

All Protected Material that is not reduced to documentary, tangible, or physical form or that can not be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party in writing.

d.      Deposition Testimony and Transcripts

Any Party may designate as Protected Material information that is disclosed at a deposition in this action by indicating on the record at the deposition that the testimony is CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED and is subject to the provisions of this Protective Order.  Any Party may also designate information as Protected Material by notifying the court reporter and all of the Parties, in writing and within thirty days after receipt of the deposition transcript, of the specific pages and lines of the transcript that should be treated thereafter as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control.  All deposition transcripts shall be treated as OUTSIDE COUNSEL RESTRICTED for at least a period of thirty days after receipt of the transcript.

3.      Inadvertent Production

a.      No Waiver of Privilege

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the Producing Party.  Upon request by the Producing Party, the Receiving Parties shall immediately return all copies of such inadvertently produced document(s).  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

STIPULATED [PROPOSED] PROTECTIVE ORDER

4.      Information Not Covered By This Order

No information shall be deemed Protected Material (other than Intel Protected Material which is subject to Section 2(a)) if it is information that is in the Public Domain.

5.      Third Party Designations

Intel and Third Parties who produce in this action any documents, information, things, evidence, or other materials included in the Protected Material may avail themselves of the provisions of this Protective Order, and such Protected Material produced by Intel and Third Parties shall be treated by the Parties to this action in conformance with this Protective Order.  Intel's or a Third Party's use of this Protective Order for that party's confidential information does not entitle Intel or that Third Party to have access to Protected Material produced by any non-Intel Party in this case.

6.      Challenges to Designations

Toshiba and Intergraph and any Third Party producing documents pursuant to this Protective Order shall use reasonable care when designating Protected Material.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Protected Material (other than reasonably designated Intel Protected Material) has been improperly designated hereunder.  If any Receiving Party disagrees with the Producing Party's designation of any Protected Material (other than reasonably designated Intel Protected Material), then the applicable Parties initially shall try to resolve the dispute on an informal basis.  If such Parties are unable to resolve such a dispute informally, the Receiving Party disagreeing with the designation may apply to the Court for relief. The Producing Party will bear the burden of proving confidentiality upon any such application.  Any Protected Material shall be treated as designated by the Producing Party and subject to the protection of this Protective Order unless and until the Court determines otherwise.  No Party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not constitute, an admission that any Material is appropriately designated, nor preclude a later challenge to the propriety of such designation.

7.      Inspection of Materials

Any Material made available for inspection by counsel for the Receiving Party shall initially

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

be considered to be OUTSIDE COUNSEL RESTRICTED Protected Material and shall be subject to this Protective Order even though no formal confidentiality designation has yet been made. Thereafter, the Producing Party shall have a reasonable time to review and designate the inspected Protected Material as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED prior to furnishing copies to such Receiving Party.

8.   Obligation to Maintain Confidentiality; General Limitations on Disclosure and Use of Protected Material

a.   Obligation to Maintain Confidentiality

In order to ensure that the confidential nature of the Protected Material is maintained, the Receiving Parties agree to not disclose and to maintain in strict confidence all Protected Material, and shall keep it in a high security, locked area and in a highly secure manner at all times. Each Receiving Party shall use a high standard of care with regard to the storage, custody, and use of the Protected Material but in all events no less than the standard of care that such Receiving Party applies to its own confidential information.

b.   Use for Litigation Preparation Solely – No Business Use

PROTECTED MATERIAL AND THE SUBSTANCE AND CONTENT THEREOF, INCLUDING ANY NOTES, MEMORANDA, SUMMARIES, OR OTHER SIMILAR DOCUMENTS RELATING THERETO, SHALL BE USED BY A RECEIVING PARTY SOLELY FOR THE PURPOSE OF THIS LITIGATION AND NOT FOR ANY BUSINESS PURPOSE.  If any Protected Material is disclosed or comes into the possession of any Person other than in the manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Protected Material and to prevent further disclosure.

c.   Limitation on Number of Recipients

Access to Protected Material shall be restricted to the specific number of authorized In-House Litigation Counsel and employees, officers, and/or directors of a Receiving Party as set forth in Section 9.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

   d.   Outside Consultants

Should a Receiving Party find it necessary for maintaining, defending, or evaluating the present action to disclose Protected Material to an Outside Consultant, such Receiving Party shall first give written notice to, and obtain the consent of, the Producing Party. For the avoidance of doubt, such written notice shall only be provided to the Producing Party and not the other Receiving Party. As part of the written notice to the Producing Party, the Receiving Party seeking to disclose Protected Material to an Outside Consultant shall provide the Individual Notice for such Outside Consultant. If the Producing Party provides such consent, such Receiving Party shall obtain from such Outside Consultant a written Confidentiality Agreement, in the form attached hereto as Exhibit A. Such written agreement shall be retained by counsel for such Receiving Party, and must be disclosed to the Producing Party within ten (10) calendar days of signing.

   e.   Confidentiality Agreements

No Protected Material shall be disclosed to In-House Litigation Counsel, an Outside Consultant, Professional Vendor, or any employee, officer, or director of a Receiving Party, or any other individual not permitted access under this Protective Order until the individual has first signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its terms. If such individual declines to sign a Confidentiality Agreement, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such individual from disclosing such Protected Material.

   9.   Access to Protected Material

   a.   Access to CONFIDENTIAL Protected Material

As set forth more fully in Section 9(g), below, no Protected Material may be transmitted outside the United States.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose CONFIDENTIAL Protected Material only to the following (and those identified in Section 9(l) below regarding use of Protected Material at depositions), subject to Section 8:

   i.   The Court and its personnel;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

ii.      Outside Counsel and Professional Vendors for each Receiving Party whose functions require access to CONFIDENTIAL Protected Material.

iii.     Two (2) In-House Litigation Counsel for each Receiving Party whose functions require access to CONFIDENTIAL Protected Material.

iv.      Outside Consultants with whom Outside Counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial.

v.       Two (2) employees, officers, and/or directors of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel).  This paragraph does not permit any Protected Material subject to the Prosecution Bar of Section 9(e) below to be shown to any employee, officer, or director.

b.      Access to ATTORNEYS' EYES ONLY Protected Material

As set forth more fully in Section 9(g), below, no Protected Material may be transmitted outside the United States.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose ATTORNEYS' EYES ONLY Protected Material only to the following (and those identified in Section 9(l) below regarding use of Protected Material at depositions), subject to Section 8:

i.       The Court and its personnel.

ii.      Outside Counsel and Professional Vendors for each Receiving Party whose functions require access to ATTORNEYS' EYES ONLY Protected Material.

iii.     Two (2) In-House Litigation Counsel for each Receiving Party whose functions require access to ATTORNEYS' EYES ONLY Protected Material.

iv.      Outside Consultants with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial.

c.      Access to OUTSIDE COUNSEL RESTRICTED Protected Material.

As set forth more fully in Section 9(g), below, no Protected Material may be transmitted outside the United States.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose OUTSIDE COUNSEL RESTRICTED Protected Material only to the following (and those identified in Section 9(l) below regarding use of Protected Material at depositions), subject to Section 8:

        i.      The Court and its personnel.

        ii.     Outside Counsel and Professional Vendors for each Receiving Party whose functions require access to OUTSIDE COUNSEL RESTRICTED Protected Materials.  If the receiving Outside Counsel reasonably needs to disclose such Protected Material to In-House Litigation Counsel to obtain informed instructions on the conduct of this action, such Receiving Party will first obtain the prior written consent of the Producing Party, who will make reasonable efforts to accommodate such Receiving Party's need to disclose the Protected Material.  If the applicable Parties are unable to come to an agreement as to the treatment of any such Protected Material (other than the Protected Material of Intel), the Receiving Party may apply to the Court for relief.

        iii.    Outside Consultants with whom Outside Counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial.

        d.     <u>Additional Restrictions on Access to RTL, iHDL, or Similar Code</u>

        i.      Access to the machine-readable version of RTL, iHDL, or similarly sensitive code along with micro-architecture specifications and other specifications that contain code that may be compiled shall be provided only under OUTSIDE COUNSEL RESTRICTED protection, subject to the Prosecution Bar in Section 9(e), and only on "stand-alone" computers (i.e., not connected to, without limitation, a network, the Internet, wireless device, or peripheral device) at secure locations at the offices of the Intel's counsel, Weil Gotshal & Manges, in Redwood City, California (or other suitable office space approved by Intel located in the Northern District of California).  Outside Counsel for Toshiba and Intergraph will be provided access in separate rooms. Intel will produce RTL in computer-searchable format, but need not produce executable code absent further agreement of the Parties or by court order.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

ii.      Intel will allow printing of paper copies of limited portions of (but not all) such code and specifications reasonably necessary for preparation of expert reports or court filings (collectively with all images, copies and transmissions authorized hereunder, "Code Printouts") at the time of inspection by the Receiving Party's Outside Counsel, which the Receiving Party's Outside Counsel may take when completing an inspection.  The Receiving Party's Outside Counsel must keep the Code Printouts (including all images and copies thereof) in a locked secured container or restricted-access, secured location at all times.

iii.      Intel may maintain a log of which pages of code have been printed and/or keep copies of such pages.  If Intel believes that the amount and nature of Code Printouts is unreasonable, Intel may either (i) refuse to allow the printing and initiate an expedited meet and confer conference within five (5) business days, to be followed by a hearing with the Court as soon as practicable, or (ii) allow the printing on the condition that the Receiving Party agree not to make any copies, images or transmissions of the disputed Code Printouts and to maintain them in a locked and secure cabinet until the matter is resolved by agreement of the Parties or order of the Court.  If the applicable Parties are unable to agree on a resolution during the meet and confer conference, Intel may move the Court for an order that requires the Receiving Parties to return all or a portion of the copies, images and transmissions, and/or prevents the Receiving Parties from printing all or a portion of said Code Printouts.

iv.      Intel will provide to Outside Counsel for Intergraph and Toshiba, to keep for the duration of this litigation and pursuant to the terms of this Protective Order and for review in their offices, such Bates-numbered pages of Code Printouts that were referenced in Intergraph's Final Infringement Contentions and the associated narratives in the Dell Litigation and are set forth on Exhibit B.  All such pages shall be deemed Code Printouts and subject to the applicable restrictions hereunder.

v.      Code Printouts may not be electronically or otherwise digitally copied or transmitted, except as expressly hereinafter provided.  The Receiving Party may not create electronic, optical or other copies, images or transmissions of the Code Printouts, except the Receiving Party may create (i) physical photocopies and (ii) such other copies or images only if

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other Party (including expert reports) and only up to five (5) pages in length of the Code Printouts per pleading or paper.  If copies or images of Code Printouts are electronically or otherwise digitally transmitted in accordance with the foregoing, such copies or images shall be encrypted, and/or transmitted over a secure network.  Code Printouts filed with the Court (in any form) must be filed under seal.  Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  Any Party filing Code Printouts with the Court must, two (2) business days prior to such filing, give notice to Intel and provide Intel an opportunity to object to such filing.  Images or copies of Code Printouts shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  Professional Vendors shall not have access of any kind under any circumstances to any Code Printouts (including any images, copies, or transmissions thereof).

vi.    Code Printouts shall include Bates numbers and OUTSIDE COUNSEL RESTRICTED labels when printed, copied, imaged or otherwise transmitted.  The Receiving Party's Outside Counsel shall maintain a complete log of all Bates-numbered pages of Code Printouts (including all images, copies or transmissions thereof), including the names of each individual granted access thereto as authorized hereunder, and the locations where Code Printouts are stored.  The Receiving Party shall produce this log (i) at the time its first expert reports are delivered or (ii) in the case of any Intel Protected Material, upon request by Intel.  For security purposes, this log must be produced to Intel regardless of any other stipulation limiting expert discovery.  Further, the log will be supplemented with each new expert report, and 10 days after trial.

e.    Prosecution Bar

Protected Material is automatically designated as subject to a Prosecution Bar.  Any individual (including any In-House Litigation Counsel, Outside Counsel, Professional Vendor or Outside Consultant) who has access to any Protected Material shall not be Involved In Patent

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Prosecution by or on behalf of any Receiving Party relating to the Technological Field from the time

2   of receipt of such Protected Material through and including one year following the entry of a final,

3   nonappealable judgment or order or the complete settlement of all claims against all parties in this

4   action.

5          f.      Access by Professional Vendors

6          Despite the access restrictions set forth in Sections 9(a) through (e), but otherwise subject to

7   the requirements set forth in this Protective Order, Protected Material, and such copies as are

8   reasonably necessary for maintaining, defending, or evaluating this litigation, may be furnished and

9   disclosed to Professional Vendors as defined in Section 1(l).  Before disclosing any Protected

10  Material to any Person described in this paragraph, counsel for the applicable Receiving Party will

11  first give written notice to, and obtain the consent of, the Producing Party.  For the avoidance of

12  doubt, such written notice shall only be provided to the Producing Party and not the other Receiving

13  Party. As part of the written notice to the Producing Party, the Receiving Party seeking to disclose

14  Protected Material to a Professional Vendor will provide the identity of such Professional Vendor

15  and locations where services will be provided by such Professional Vendor.  If the Producing Party

16  provides such consent, such Receiving Party will obtain from such Professional Vendor, and each of

17  its personnel having access to any Protected Material, a written Confidentiality Agreement, in the

18  form attached hereto as Exhibit A.  Such written agreement shall be retained by counsel for such

19  Receiving Party.

20         Professional Vendors shall not have access of any kind under any circumstances to any Code

21  Printouts (including any images, copies, or transmissions thereof).

22         g.      Transmittal of Protected Material

23         No Protected Material shall be transmitted or transported outside the United States, or

24  communicated to any recipient who is located outside of the United States, for any purpose, without

25  the express written permission of the Producing Party.  Intel hereby grants Toshiba's Outside

26  Counsel permission to discuss any Intel Protected Material on the telephone with such Toshiba In-

27  House Litigation Counsel in Japan authorized to receive such Intel Protected Material hereunder.

28  The Producing Party will respond to a request for such permission within twenty (20) business days

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  and will not unreasonably withhold such permission. This prohibition shall extend, without

2  limitation, to all authorized communications between Representatives of any Receiving Party.

3  Nothing in this Protective Order shall prohibit the transmission or communication of

4  Protected Material within the United States between or among qualified recipients authorized

5  hereunder: (i) by hand delivery; (ii) in sealed envelopes or containers via the mails or an established

6  overnight, freight, delivery, or messenger service; or (iii) subject to Section 9(h) below,

7  CONFIDENTIAL Protected Material (but not ATTORNEYS' EYES ONLY or OUTSIDE

8  COUNSEL RESTRICTED Protected Material) may be transmitted by telephone, facsimile, or other

9  electronic transmission system; (iv) a Receiving Party may discuss ATTORNEYS' EYES ONLY

10  and OUTSIDE COUNSEL RESTRICTED Protected Material with any Party authorized hereunder

11  to receive such Protected Material by telephone; or (v) subject to Section 9(d), any Outside Counsel

12  may make ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL RESTRICTED Protected

13  Material accessible to other attorneys within their firm or their Outside Consultants as set forth in

14  Section 9(h).  In all cases, such transmission or communication shall only be conducted where and

15  when, under the circumstances, there is no reasonable likelihood that the transmission will be

16  intercepted or misused by any person who is not a qualified recipient.

17  The Receiving Parties may transmit or communicate the Protected Material within the United

18  States as necessary to comply with the electronic filing requirements imposed by the U.S. District

19  Court for the Northern District of California in the United States so long as such transmission is in

20  accordance with the terms and conditions of this Protective Order.

21  h.   Internet Connection Accessibility

22  The Parties agree that Protected Materials shall not be accessible over an Internet connection,

23  except that each Outside Counsel may maintain a document database available via a secure private

24  network but only if the database is hosted on a secure computer located on the premises of the

25  Outside Counsel and maintained under the exclusive control of the Outside Counsel.  Such a

26  document database shall be made accessible only to Outside Counsel and its employees

27  administering the database as well as Outside Consultants physically located on the premises of the

28  Outside Counsel.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

i.     Procedure for Objections to Outside Consultant Access

With respect to any Notice provided under Sections 8(d) above with respect to access by Outside Consultants to Protected Material, the Producing Party receiving notice shall have fifteen (15) calendar days after notice is given (plus three (3) calendar days if notice is given other than by hand delivery, email, or facsimile transmission) to object in writing.  No Protected Material shall be disclosed until after the expiration of the foregoing notice period, provided no objection is received. If an objection is made, the parties shall, within fifteen (15) days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  If the parties cannot resolve the dispute, or if the conference does not take place, then, within fifteen (15) days from the date of the conference or within thirty (30) days from the date of the mailing of notice of objection, the objecting party may move the Court for an order that access to Protected Material be denied to the designated person, or other appropriate relief.  These time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.  Unless and until the Court determines otherwise, no disclosure of any such Protected Material shall be made by the Receiving Party to any Outside Consultant with respect to whom an objection has been made.

j.     Exceptions to Limitations on Disclosure

Nothing herein shall prevent disclosure of Protected Material: (i) by the Producing Party to anyone else; (ii) by the Receiving Party to an officer or employee of the Producing Party; (iii) by a Receiving Party to any Person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Protected Material, in whole or in part, or who has independently received the Protected Material other than through a means constituting a breach of this Protective Order; or (iv) to any person who is reasonably identified as previously having had access to the Protected Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, and other than through a means constituting breach of this Protective Order;  provided, no such disclosure shall occur unless such person has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Agreement and agrees to be bound by its terms.  Such written

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   agreement shall be retained by counsel for such disclosing Receiving Party and must be disclosed to

2   Intel within ten (10) calendar days of signing.

3                        k.        <u>Filing Under Seal</u>

4           All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other

5   documents or material submitted to the Court that contain or disclose Protected Material, shall be

6   filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title

7   of this matter, an indication of the nature of the contents of such sealed envelope or other container,

8   the words: "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

9   and a statement substantially in the following form:  "This envelope contains confidential

10   information filed in this case by (name of Party) and is not to be opened nor the contents thereof

11   displayed or revealed except by order of the Court presiding over this matter."  In addition, the first

12   page of any documents filed under seal shall include the conspicuous legend:  "CONFIDENTIAL—

13   FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

14           If any person fails to file Protected Material under seal, the Producing Party or any Party

15   claiming confidentiality may request that the Court place the filing under seal.

16                       l.        <u>Use at Depositions</u>

17                   i.      Except as otherwise ordered by the Court, any deposition or trial

18   witness may be examined and may testify concerning all Protected Material of which such person

19   has prior knowledge.  Without in any way limiting the generality of the foregoing:

20                       1.      A present director, officer, and/or employee of a Producing

21   Party may be examined and may testify concerning all Protected Material that has been produced by

22   that Party.

23                       2.      A former director, officer, and/or employee of a Producing

24   Party may be interviewed, examined, and may testify concerning all Protected Material of which

25   such person has prior knowledge, including any such Protected Material that refers to matters of

26   which the witness has personal knowledge, which has been produced by that Party, and which

27   pertains to the time period or periods of such witness's employment or service.

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    3.    Third Parties may be examined or testify concerning any

2  Protected Material of a Producing Party that appears on its face or from other documents or

3  testimony to have been received from, or communicated to, the Third Party as a result of any contact

4  or relationship with the Producing Party, or a representative of such Producing Party.  Any person

5  other than the witness, his or her counsel, and any person qualified to receive Protected Material

6  under this Protective Order shall be excluded from the portion of the examination concerning such

7  information, absent the consent of the Producing Party.  If the witness is represented by an attorney

8  who is not qualified under this Protective Order to receive Protected Material, then prior to the

9  examination, the attorney shall provide a signed Confidentiality Agreement as provided in Section

10  8(c).

11    ii.    In addition to the restrictions on the uses of all types of Protected

12  Material set forth in this Protective Order, the following shall apply to Protected Material used at a

13  deposition:

14    1.    A witness who previously had access to Protected Material, but

15  who is not under a present nondisclosure agreement with the Producing Party that applies to the

16  document, may be shown the document if (1) a copy of this Protective Order is attached to any

17  subpoena, notice, or request served on the witness for the deposition, and (2) the witness is advised

18  on the deposition record of the existence of the Protective Order and its requirement that the parties

19  keep confidential any questions, testimony, or documents that are designated Protected Material.

20    2.    Witnesses may not copy, take notes on, or retain copies of any

21  Protected Material used or reviewed at a deposition.  A witness may not take out of the deposition

22  room any exhibit that is marked CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE

23  COUNSEL RESTRICTED.  The Producing Party of any Protected Material used at a deposition

24  may also require that the transcript and exhibits not be copied by the witness or his or her counsel,

25  that no notes be made of the transcript or the exhibits, and that the transcript and exhibits may only

26  be reviewed by the witness in the offices of one of the Outside Counsel representing a Party in this

27  case (or another firm acting for one of the Outside Counsel under the supervision of one of the

28  attorneys bound by the terms of the Protective Order).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

m.    Reservation of Rights

If during the course of this litigation Toshiba should determine that any of the restrictions placed on access to Protected Material are unduly restrictive, Toshiba may seek leave of court to have such restrictions modified

10.    Additional Protections

The Parties may, by stipulation, provide for exceptions to this Protective Order.  Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Protected Material or relief from this Protective Order with respect to particular Protected Material.

11.    Return of Documents

a.    General Obligation to Return or Destroy Protected Material

Within sixty (60) calendar days after entry of a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Party shall: (i) at its option, either destroy or return to the Producing Party all Protected Material received from such Producing Party; and (ii) shall destroy in whatever form stored or reproduced, all other physical objects and documents (including but not limited to correspondence, memoranda, notes, and other work product materials) that contain or refer to Protected Material; provided, however, that Outside Counsel for the Receiving Parties shall be entitled to maintain for its files copies of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

b.    Obligation to Retrieve Protected Materials Disclosed to Others

Each Receiving Party's obligation to return or destroy Protected Material received from a Producing Party extends to Protected Material the Receiving Party discloses to others pursuant to this Protective Order.  Within sixty (60) calendar days after entry of a final, nonappealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each Receiving Party shall inform any Producing Party in writing of: (i) any Protected Material (and any documentary materials containing matter derived from Protected Material) that, to the Party's

knowledge, has not been returned and/or destroyed in the manner required by this Protective Order; and (ii) the identity of any Person who has failed to return and/or destroy such Protected Material or derivative material.

12.   Injunctive Relief

The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law.  If anyone (Party or Third Party) violates or threatens to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Protective Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

13.   Survival of Order

The terms of this Protective Order shall survive the final termination of this action.  This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The parties agree that any Order of Dismissal of this action as to any or all Parties shall include a specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal.  Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

14.   Treatment Prior to Entry of Order

Each Party agrees to be bound by the terms of this Protective Order as of the date it executed the Order below, even if prior to entry of the Order by the Court.

15.   Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Protected Material, such Receiving Party must so notify the Designating Party, in writing (by fax) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  Such Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    such Receiving Party must deliver a copy of this Protective Order promptly to the party in the other

2    action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert

3    the interested parties to the existence of this Protective Order and to afford the Producing Party in

4    this case an opportunity to try to protect its confidentiality interests in the court from which the

5    subpoena or order issued.  The Producing Party shall bear the burdens and the expenses of seeking

6    protection in that court of its Protected Material.  Nothing in these provisions should be construed as

7    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

8    another court.

9           DATED:  December 29, 2006.

10                                                  REED SMITH LLP

11

12                                                  By____/s/ John P. Bovich_____
                                                        John P. Bovich
13                                                      Attorneys for Plaintiff And Counterclaim Defendant
                                                        Intergraph Hardware Technologies Company
14          DATED:  December 29, 2006.

15                                                  ROBINS, KAPLAN, MILLER & CIRESI LLP

16

17                                                  By____/s/ William H. Manning_____
                                                        William H. Manning *pro hac vice*
18                                                      Attorneys for Plaintiff And Counterclaim Defendant
                                                        Intergraph Hardware Technologies Company
19          DATED:  December 29, 2006.

20                                                  FOLEY & LARDNER LLP

21

22                                                  By____/s/ John F. Feldhaus_____
                                                        John F. Feldhaus *pro hac vice*
23                                                      Attorneys for Defendant and Counterclaimants
                                                        Toshiba Corporation and
24                                                      Toshiba America Information Systems

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

pages 1-23          */MHP*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: _____01/03/07_____.



_____
The Honorable Marilyn Hall Patel
United States District Judge

STIPULATED [PROPOSED] PROTECTIVE ORDER

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

## CERTIFICATION

3

I hereby attest that concurrence in the filing of this document has been obtained by the above

4

named signatories.

5

DATED:  December 29, 2006.

6

REED SMITH LLP

7

8

By____/s/ John P. Bovich_____

John P. Bovich

9

Attorneys for Plaintiff/Counterclaim-Defendant

Intergraph Hardware Technologies Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**Exhibit A**

**ACKNOWLEDGMENT AND CONFIDENTIALITY AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

1.      I reside at_____

_____.

2.      My present employer is _____,

located at_____.

3.      My present occupation or job description is _____

_____.

4.      I agree to keep confidential all information provided to me in the matter of *Intergraph Hardware Technologies Company, v. Toshiba Corp., et. al.*, Civil Action No. 3:06-cv-04018 (N.D. Cal.), and to be subject to the authority of the United States District Court for the Northern District of California in the event of any violation of this agreement or dispute related to this agreement.

5.      I have been informed of and read the Protective Order ("Order") dated *[___]*, and understand its contents and confidentiality requirements.  I will not divulge any confidential information to persons other than those specifically authorized by said Order.

6.      I state under penalty of perjury, under the laws of Delaware and the United States, that the foregoing is true and correct.

Signed_____,

Executed on _____, 20__.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware