UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

INTERGRAPH HARDWARE
TECHNOLOGIES COMPANY

            Plaintiff,

  v.

TOSHIBA CORPORATION, ET AL.

            Defendants.
_____/

No. C 06-04018 MHP

**ORDER**
**Re: Discovery of English Translations of Foreign Documents**

       On December 4, 2006 the court ordered the parties to submit position statements on an issue arising from their Joint Case Management Statement. The dispute concerns the discovery of certain translations of the Toshiba defendants' ("Toshiba") documents from Japanese to English. Toshiba has agreed to produce any relevant, pre-existing English translations of Japanese documents but argues that translations prepared in connection with litigation are protected work product. See Fed. R. Civ. P. 26(b)(3).

       The translations themselves are not work product ipso facto. See, e.g., Contreras v. Isuzu Motors, Ltd. of Japan, No. SA-98-CA-442 JWP, 1999 WL 33290667, *2 (W.D. Tex. Apr. 2, 1999) (concluding, in a similar context, that production of translations prepared for both business purposes and for litigation purposes would not violate work product doctrine). Rather, Toshiba argues that counsel's selection of certain documents for translation in preparation for litigation would necessarily reveal opinion work product. Hickman v. Taylor, 329 U.S. 495, 511 (1947) (discussing the need for protecting the processes of "assembl[ing] information [and] sift[ing] what [the attorney] considers to be the relevant from the irrelevant facts"). While the selection of certain documents for

translation might reveal opinion work product, there is simply no need for counsel's decisions to be revealed here. To avoid the disclosure of these decisions, Toshiba should produce all responsive translations without indicating whether or not they were prepared for litigation purposes. Moreover, requiring Intergraph to re-translate documents would be needlessly duplicative and burdensome. Therefore, the court orders that Toshiba produce all responsive translations.

IT IS SO ORDERED.

Dated:     Jan. 29, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California