John P. Bovich (SBN 150688)
William R. Overend (SBN 180209)
**REED SMITH LLP**
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Telephone:    415.543.8700
Facsimile:    415.391.8269

William H. Manning (*pro hac vice*)
Brad P. Engdahl (*pro hac vice*)
Eric S. Jackson (*pro hac vice*)
Jacob S. Zimmerman (*pro hac vice*)
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone:    612.349.8500
Facsimile:    612.339.4181

Attorneys for Plaintiff **Intergraph Hardware Technologies Company**

John J. Feldhaus (*pro hac vice*)
Stephen M. Lobbin (SBN 181195)
**FOLEY & LARDNER LLP**
1530 Page Mill Road
Palo Alto, CA  94304-1125
Telephone:    650.856.3700
Facsimile:    650.856.3710

Attorneys for Defendants **Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Medical Systems, Inc., Toshiba America Business Solutions, Inc. and Toshiba TEC America Retail Information Systems, Inc.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, a Nevada corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>TOSHIBA CORPORATION, a Japanese corporation, et al.,<br><br>                Defendants. | No.:  C 06-4018 MHP<br><br>**STIPULATION AND [PROPOSED] ORDER UNDER CIVIL LOCAL RULE 6-1(B) AND 6-2 EXTENDING MEDIATION DEADLINE** |
| AND RELATED COUNTERCLAIMS. | |

Pursuant to Civil Local Rule (N.D. Cal.) 6-1(b), by and between the parties—Plaintiff Intergraph Hardware Technologies Company ("Intergraph") and Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Medical Systems, Inc., Toshiba America Business Solutions, Inc. and Toshiba TEC America Retail Information Systems, Inc. (collectively "Toshiba")—IT IS HEREBY STIPULATED THAT:

1. Per this Court's December 1, 2006 STIPULATION AND ORDER SELECTING ADR PROCESS, and this Court's April 25, 2007 NOTICE OF APPOINTMENT OF MEDIATOR, the parties have been ordered to participate in mediation by July 2, 2007. The court has appointed Daniel J. Bergeson as the mediator.

2. By way of background, the parties have participated in two settlement meetings regarding this matter. At those meetings, the parties presented their views of the case and exchanged written materials. Client representatives have attended all of these meetings and the parties have exchanged settlement demands and offers.

3. On May 15, 2007, the parties participated in an initial telephone conference before Mr. Bergeson to discuss the history of settlement meetings and to develop a plan for the mediation process. The parties have agreed to provide various written materials to Mr. Bergeson to aid his analysis of the issues. In addition, the parties and Mr. Bergeson all agreed that it will not be productive to hold a mediation session in the near future given the history of meetings to date and the current posture of the case. Instead, and in light of the complexity of the case, the numerous legal issues, and the history of the litigation and licensing, the parties instead wish to hold separate meetings with Mr. Bergeson before holding the formal mediation. The parties and Mr. Bergeson believe that this process will increase the chances of a successful mediation. All agree that the proposed settlement process will be more effective if the mediation session is held at a later date.

4. Because the foregoing process may take some time to complete, the mediation session cannot be completed by the current July 2, 2007 deadline. Therefore, the parties and Mr. Bergeson believe that the July 2, 2007 mediation deadline should be continued to a future date to be determined by Mr. Bergeson after he reviews the written materials to be provided by both parties. The parties and Mr. Bergeson therefore respectfully request that the Court continue the July 2, 2007

deadline and that the parties continue their dialogue with Mr. Bergeson in an effort to further the settlement process.  Mr. Bergeson has reviewed and approves of this stipulation.  By moving the date, the parties may meet numerous times to narrow the disputed issues before the mediation deadline.

5. Pursuant to Civil L.R. 6-2(a)(1)-(3), this stipulated request is accompanied by the attached declaration setting forth (1) the reasons for the requested extension; (2) all previous time modifications in the case; and (3) the effect of the requested extension.

IT IS SO STIPULATED.

Dated:  May 24, 2007          **ROBINS, KAPLAN, MILLER & CIRESI LLP**

/s/ Brad P. Engdahl
Brad P. Engdahl
Attorneys for Plaintiff **Intergraph Hardware Technologies Company**

Dated:  May 24, 2007          **FOLEY & LARDNER LLP**

/s/ Stephen M. Lobbin
Stephen M. Lobbin

Attorneys for Defendants **Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Medical Systems, Inc., Toshiba America Business Solutions, Inc.** and **Toshiba TEC America Retail Information Systems, Inc.**

IT IS SO ORDERED:  Mediation shall be completed by August 15, 2007.

Dated: May 25, 2007

The Honorable
United States



IT IS SO ORDERED
Judge Marilyn H. Patel

No.: C 06-4018 MHP                              – 2 –                                 DOCSSFO-12479718.1-JBOVICH
STIPULATION AND [PROPOSED] ORDER UNDER CIVIL LOCAL RULES 7-12 AND 6-2 EXTENDING MEDIATION DEADLINE

# CERTIFICATION

I hereby attest that concurrence in the filing of this document has been obtained by the above named signatories.

DATED:  May 24, 2007.

                                        ROBINS, KAPLAN, MILLER & CIRESI LLP

                                        By:  /s/ Brad P. Engdahl
                                                Brad P. Engdahl
                                                Attorneys for Plaintiff
                                                **Intergraph Hardware Technologies Company**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware