| | |
|---|---|
| John P. Bovich (SBN 150688)<br>E-mail: jbovich@reedsmith.com<br>William R. Overend (SBN 180209)<br>E-mail: woverend@reedsmith.com<br>REED SMITH LLP<br>Two Embarcadero Center, Suite 2000<br>San Francisco, CA 94111-3922<br><br>**Mailing Address:**<br>P.O. Box 7936<br>San Francisco, CA 94120-7936<br>Telephone: 415.543.8700<br>Facsimile: 415.391.8269<br><br>Robins, Kaplan, Miller & Ciresi L.L.P.<br>William H. Manning, *pro hac vice*<br>Brad P. Engdahl, *pro hac vice*<br>Eric S. Jackson, *pro hac vice*<br>Jacob S. Zimmerman, *pro hac vice*<br>David J. Wallace-Jackson, *pro hac vice*<br>2800 LaSalle Plaza<br>800 LaSalle Avenue<br>Minneapolis, MN 55402-2015<br>Telephone: 612-349-8500<br>Facsimile: 612-339-4181<br><br>Attorneys for Plaintiff/Counterclaim-defendant<br>Intergraph Hardware Technologies Company | Garland Stephens<br>**WEIL, GOTSHAL & MANGES LLP**<br>700 Louisiana, Suite 1600<br>Houston, Texas 77002<br>Telephone: 713.546.5044<br>Facsimile: 713.224.9511<br>E-mail: <garland.stephens@weil.com><br><br>Attorneys for non-party Intel Corporation |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERGRAPH HARDWARE TECHNOLOGIES COMPANY, a Nevada corporation<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION, a Japanese corporation, et al.,<br><br>　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-06-4018 MHP<br><br>CIVIL LOCAL RULE 6-1(b) STIPULATION AND [PROPOSED] ORDER EXTENDING TIME UNDER THIS COURT'S PROTECTIVE ORDER FOR INTERGRAPH TO DESTROY OR RETURN NON-PARTY INTEL'S PROTECTED INFORMATION; DECLARATION OF JOHN P. BOVICH IN SUPPORT THEREOF |

Pursuant to Civil Local Rule 6-1(b), by and between Plaintiff Intergraph Hardware Technologies Company ("Intergraph") and non-party Intel Corporation,

IT IS HEREBY STIPULATED THAT:

1.  On January 3, 2007 this Court entered a Protective Order that governs, among other things, the disposition of Protected Material at the conclusion of litigation. [Docket No. 59.] Under that Order, the Parties have 60 days after entry of a final judgment or order to return or destroy certain Protected Material. The Protective Order further provides that "[t]his Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order." [*Id.* § 13.]

2.  The Protective Order governs the production of information from parties and non-parties. Non-party Intel has produced Protected Material to Intergraph under the terms of the Protective Order.

3.  This Court entered a final order dismissing the action with prejudice on December 18, 2007.

4.  Pursuant to Intergraph's request for an extension, non-party Intel has agreed to extend the deadline for Intergraph to return or destroy Intel's Protected Material from February 18, 2008 until a date mutually agreed in writing by Intel and Intergraph. Intel and Intergraph may further extend the date by mutual agreement in writing without further leave of Court.

5.  This stipulated extension does not in any way affect Intergraph's obligation to destroy any Protected Material from Defendants Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America Medical Systems, Inc., Toshiba America Business Solutions, Inc., and Toshiba TEC America Retail Information Systems, Inc. (collectively "Toshiba"). Intergraph will fully comply

2

CIVIL L. R. 6-1(B) STIPULATION EXTENDING TIME
CASE NO. C-06-4018 MHP

with the Protective Order as it pertains to Toshiba's Protected Material and does not seek a modification of the Protective Order as it applies to that material.

6. This stipulated extension will not alter any other deadline already fixed by the Court.

IT IS SO STIPULATED.

DATED: February 14, 2008.    REED SMITH LLP

By   /s/ John P. Bovich
John P. Bovich (SBN 150688)
William R. Overend (SBN 180209)
**Attorneys for Plaintiff**
**Intergraph Hardware Technologies Company**

DATED: February 14, 2008.    ROBINS, KAPLAN, MILLER & CIRESI LLP

By   /s/ Brad P. Engdahl
Brad P. Engdahl
**Attorneys for Plaintiff**
**Intergraph Hardware Technologies Company**

DATED: February 14, 2008.    WEIL, GOTSHAL & MANGES LLP

By   /s/ Garland T. Stephens
Garland T. Stephens
**Attorneys for non-party Intel Corporation**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED:   February 15  , 2008.

Marilyn Hall Patel
United States District Judge

IT IS SO ORDERED
Judge Marilyn H. Patel

3

CIVIL L. R. 6-1(B) STIPULATION EXTENDING TIME
CASE NO. C-06-4018 MHP

**CERTIFICATION**

I hereby attest that concurrence in the filing of this document has been obtained by the above named signatories.

DATED: February 14, 2008.

                                               ROBINS, KAPLAN, MILLER & CIRESI LLP

                                             By: /s/ Brad P. Engdahl
                                                   Brad P. Engdahl
                                                   Attorneys for Plaintiff
                                                 Intergraph Hardware Technologies Company

# DECLARATION OF JOHN P. BOVICH IN SUPPORT OF STIPULATION

I, John P. Bovich, declare:

1. I am a partner with Reed Smith LLP, local counsel for Intergraph in the above-captioned action. I have personal knowledge of the matters set forth below, and if called upon I could and would testify competently thereto.

2. The reasons for the requested extension are stated in the Stipulation herein. Specifically, on January 3, 2007 this Court entered a Protective Order that governs, among other things, the disposition of Protected Material at the conclusion of litigation. Under that Order, the parties have 60 days after entry of a final judgment or order to return or destroy certain Protected Material. This Court entered a final order dismissing the action with prejudice on December 18, 2007. As such, the deadline for the parties to return or destroy certain Protected Material is currently set for February 18, 2008.

3. Non-party Intel has produced Protected Material to Intergraph under the terms of the Protective Order.

3. In accordance with negotiations between Intergraph and Intel, and in an effort to prevent a needless waste of time and resources regarding potential future document production efforts, Intergraph and Intel have agreed to extend the deadline for Intergraph to return or destroy Intel's Protected Material from February 18, 2008 until a date mutually agreeable to Intel and Intergraph.

4. This stipulated extension does not affect Intergraph's obligation to destroy defendant Toshiba's Protected Material in any way. Intergraph will fully comply with the Protective Order as it pertains to Toshiba's Protected Material and does not seek a modification of the Protective Order as it applies to that material.

5. No previous time modifications have been sought or entered in this case with regard to the Protective Order entered in this case.

6. The requested extension would affect only the deadlines under the Protective Order as they pertain to the Protected Material of non-party Intel, and will not alter any other deadline already fixed by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of February, 2008 at San Francisco, California.

/s/ John P. Bovich